IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

LLOYD HEESE,                                            Civ. No. 07-121-AA

        Plaintiff,                                  OPINION AND ORDER

    v.

MICHAEL J. ASTRUE,
Commissioner, Social Security
Administration,

        Defendant.
_____

Merrill Schneider
Schneider Law Offices
PO Box 16310
Portland, OR 97292-0310
    Attorney for plaintiff

Karin J. Immergut
United States Attorney
Brittania I. Hobbs
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, Oregon 97204-2902

Nancy Mishalanie
Special Assistant United States Attorney
701 5th Avenue, Suite 2900 M/S 901
Seattle, WA  98104-7075
    Attorneys for defendant

1 - OPINION AND ORDER

AIKEN, Judge:

Plaintiff brings this action pursuant to the Social Security Act (the Act), 42 U.S.C. § 405(g), to obtain judicial review of a final decision of the Commissioner of the Social Security Administration (Commissioner) denying his claim for Title II Social Security Disability benefits and Title XVI Supplemental Security Income (SSI) Disability benefits.  For the reasons set forth below, the Commissioner's decision is affirmed.

## I.  Factual Background

Plaintiff protectively filed applications for disability insurance and SSI benefits on October 29, 2004, alleging disability since January 1, 2003.  Tr. 22, 72-73, 175.  Plaintiff's applications were denied initially and on reconsideration.  Tr. 40, 47, 413, 420, 426.  Plaintiff requested a hearing before an Administrative Law Judge (ALJ), and plaintiff and a vocational expert appeared and testified before the ALJ on March 20, 2006.  Tr. 50, 429-64.  At the hearing, plaintiff amended his alleged onset date to January 1, 2002.  Tr. 432.

On April 24, 2006, the ALJ issued a decision denying benefits and finding that plaintiff was not disabled under the Act.  Tr. 22-30.  The Appeals Council denied review, Tr. 5-7, rendering the ALJ's decision the final decision of the Commissioner.  Plaintiff now seeks judicial review.  42 U.S.C. § 405(g).

Plaintiff was born on June 20, 1949 and is fifty-eight years

old. Tr. 76. Plaintiff completed high school and two years of college and has past relevant work as a truck washer, fork lift operator, flagger, lube technician, cable installer helper, and an electronics inspector. Tr. 150, 187-92. Plaintiff was insured for disability benefits through December 31, 2006. Tr. 22.

Plaintiff alleges disability due to degenerative disc disease of the lumbar spine, causing severe lower back pain and numbness in his left leg.

## II. Standard of Review

The district court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g); Batson v. Comm'r of Soc. Sec. Admin., 359 F.3d 1190, 1193 (9th Cir. 2004). "Substantial evidence means more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Andrews v. Shalala, 53 F.3d 1035, 1039 (9th Cir. 1995).

The ALJ is responsible for determining credibility, resolving conflicts in the medical evidence and resolving ambiguities. Edlund v. Massanari, 253 F.3d 1152, 1156 (9th Cir. 2001). If the evidence can reasonably support either affirming or reversing the Commissioner's conclusion, the court may not substitute its judgment for that of the Commissioner. Batson, 359 F.3d at 1193.

3 - OPINION AND ORDER

The Commissioner's decision must be upheld, even if the "evidence is susceptible to more than one rational interpretation." <u>Andrews</u>, 53 F.3d at 1039-40.  However, a decision "cannot be affirmed simply by isolating a specific quantum of supporting evidence." <u>Sousa v. Callahan</u>, 143 F.3d 1240, 1243 (9th Cir. 1998) (citing <u>Hammock v. Bowen</u>, 879 F.2d 498, 501 (9th Cir. 1989).  The record as a whole must be considered.  <u>Howard v. Heckler</u>, 782 F.2d 1484, 1487 (9th Cir. 1986).

### III.  Commissioner's Decision

The initial burden of proof is on the plaintiff to establish disability within the meaning of the Social Security Act.  <u>Tackett v. Apfel</u>, 180 F.3d 1094, 1098 (9th Cir. 1999).  In meeting this burden, a plaintiff must demonstrate an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

The Commissioner applies a five-step sequential process for determining whether a plaintiff is disabled. 20 C.F.R. §§ 404.1520, 416.920.  The plaintiff bears the burden of proof at steps one through four, then the burden of production shifts to the Commissioner at step five.

At step one, the Commissioner determines whether the plaintiff has engaged in "substantial gainful activity" during the period of

4 - OPINION AND ORDER

alleged disability. Here, the ALJ found that plaintiff had not performed substantial gainful activity, although he had come close. Tr. 24.

At step two, the Commissioner determines whether the plaintiff has a medically severe impairment or combination of impairments. An impairment is severe if it significantly limits the plaintiff's ability to perform basic work activities. 20 C.F.R. §§ 404.1521, 416.921. Here, the ALJ found that plaintiff's degenerative disc disease of the lumbar spine was a severe impairment. Tr. 25.

At step three, there is a conclusive presumption that the plaintiff is disabled if the Commissioner determines that the plaintiff's impairments meet or equal "one of a number of listed impairments that the [Commissioner] acknowledges are so severe as to preclude substantial gainful activity." Bowen v. Yuckert, 482 U.S. 137, 140-41 (1987); see 20 C.F.R. §§ 404.1520(d), 416.920(d). In this case, the ALJ found that plaintiff's impairment did not meet or equal a listing. Tr. 26.

At step four, the Commissioner assesses the plaintiff's residual functional capacity (RFC). The plaintiff's RFC is an assessment of the sustained work-related activities the plaintiff can still do on a regular and continuing basis, despite the limitations of his impairments. 20 C.F.R. §§ 404.1545, 416.945; Social Security Ruling (SSR) 96-8p. Based on the plaintiff's RFC, the Commissioner determines whether the plaintiff can perform past

5 - OPINION AND ORDER

relevant work; if the plaintiff retains this ability, the Commissioner will find the plaintiff not disabled. 20 C.F.R. §§ 404.1520(f), 416.920(f).

Here, the ALJ found that plaintiff was able to perform work at the light exertion level, with the ability to carry twenty pounds and occasionally climb, stoop, crouching and bend. Tr. 26. The ALJ also found that plaintiff must alternate between sitting and standing, as he is able to sit for six hours a day and stand or walk for six hours in an eight hour work day. Tr. 26. Based on this RFC assessment and the testimony of the vocational expert, the ALJ found that plaintiff was able to perform past relevant work as an electronics inspector. Tr. 29.

At step five, the Commissioner determines whether the plaintiff can perform other work. <u>Yuckert</u>, 482 U.S. at 142; 20 C.F.R. §§ 404.1520(e),(g) 416.920(e),(g). The burden shifts to the Commissioner to identify jobs existing in significant numbers in the national economy that the plaintiff can perform given his RFC, age, education and work experience. <u>Tackett</u>, 180 F.3d at 1098-99. If the Commissioner meets this burden, then the plaintiff is not disabled. 20 C.F.R. §§ 404.1566, 416.966.

The ALJ made an alternative finding at step five plaintiff could perform jobs existing in significant numbers in the national economy, including a semi-conductor tester. Tr. 29. Accordingly, the ALJ found that plaintiff was not disabled.

6 - OPINION AND ORDER

## IV.  Discussion

Plaintiff asserts that the Commissioner's decision should be reversed because the ALJ improperly discounted plaintiff's credibility and dismissed his testimony about the severity of his symptoms.  Plaintiff further argues that the ALJ formulated an incomplete RFC and failed to present a hypothetical to the vocational expert (VE) that included all of plaintiff's limitations.  Finally, plaintiff contends that the ALJ improperly rejected the lay witness testimony of plaintiff's wife, Sherin Heese.

A.  Credibility of Plaintiff's Testimony

The ALJ found that plaintiff's "statements concerning the intensity, duration and limiting effects of these symptoms are not entirely credible."  Tr. 27.

When a plaintiff produces objective medical evidence of an impairment that reasonably could be expected to produce some degree of the symptoms complained of, "the ALJ may reject the claimant's testimony regarding the severity of symptoms only if he makes specific findings stating clear and convincing reasons for doing so."  Smolen v. Chater, 80 F.3d 1273, 1283-84 (9th Cir. 1996); see also Thomas v. Barnhart, 278 F.3d 947, 958 (9th Cir. 2002)(ALJ credibility findings must be "sufficiently specific to permit court to conclude that the ALJ did not arbitrarily discredit claimant's testimony.").

7 - OPINION AND ORDER

Plaintiff contends that the ALJ failed to meet the clear and convincing standard because the ALJ found plaintiff's testimony was not credible based on lack of medical treatment. Plaintiff contends that the ALJ did not adequately consider his reasons for lack of medical treatment, including: (1) plaintiff uses over the counter medications for his back pain; (2) doctors have not prescribed physical therapy; (3) since 2002, doctors have not suggested further back surgery given the poor results of four previous surgeries; (4) plaintiff has made adjustments in his personal activities, leading a fairly sedentary life, to accommodate the pain.

An ALJ cannot "draw any inference about an individual's symptoms and their functional effects from a failure to seek or pursue regular medical treatment without first considering any explanations that the individual may provide, or other information in the case record, that may explain infrequent or irregular medical visits or failure to seek medical treatment." SSR 96-7p. Still, the ALJ may consider the proffered explanation and evaluate its credibility in light of other evidence. 20 C.F.R. §§ 404.1529(c)(3), 416.929(c)(3) (the amount of treatment is "an important indicator of the intensity and persistence of symptoms); see also Tidwell v. Apfel, 161 F.3d 599, 602 (9th Cir. 1998) (taking only nonprescription medication for pain control may be considered as a factor in determining credibility); Fair v. Bowen,

8 - OPINION AND ORDER

885 F.2d 597, 603-04 (9th Cir. 1989) (noting that "unexplained, or inadequately explained, failure to seek treatment or follow a prescribed course of treatment" may discredit pain testimony).

Here, the ALJ found that plaintiff has treated his pain with over the counter medication (such as Tylenol), and that the lack of treatment and prescription medication did not indicate a disabling impairment. Tr. 27, 443. While the record reflect that surgery may not be effective in this case, Tr. 412, plaintiff has not pursued any other type of medical treatment. Tr. 444. For example, the ALJ noted that an examining physician, Dr. Diehl, recommended that plaintiff seek adequate medical treatment and use of anti-inflammatory medications to lessen his back pain and improve his symptoms. Tr. 221-23. Yet, plaintiff does not explain his failure to pursue anti-inflammatory medications or other types of treatment. Therefore, I find no error in the ALJ's reliance on plaintiff's failure to pursue other treatments.

Plaintiff also contends that the ALJ inappropriately evaluated plaintiff's daily activities, such as vacuuming occasionally, preparing meals, taking walks, driving, watching tv and reading, as evidence that he is not disabled. Tr. 156-58, 204-08, 214, 450-53. Plaintiff argues that these daily activities are not indicative of his ability to sustain regular and continuing full-time work.

Within the Ninth Circuit, the ability to perform sporadic activity is not evidence of the ability to perform full-time work

9 - OPINION AND ORDER

and disability claimants "should not be penalized for attempting to live normal lives in the face of their limitations." Reddick v. Chater, 157 F.3d 715, 722 (9th Cir. 1998). However, the ALJ may consider plaintiff's daily activities when evaluating the credibility of plaintiff's testimony. Thomas, 278 F.3d at 958-59. Daily activities conducted by the plaintiff, which are inconsistent with plaintiff's alleged limitations, are relevant to determining credibility. Reddick, 157 F.3d at 722. Further, the ability "to perform various household chores such as cooking, laundry, washing dishes, and shopping" may be considered specific, clear and convincing reasons to discount testimony. Thomas, 278 F.3d at 959.

Here, the ALJ evaluated plaintiff's daily activities in the context of his alleged disability. In particular, the ALJ found that plaintiff's daily activities, when viewed in combination, are extensive and not limited to the extent that one would expect given plaintiff's allegations. Since the onset date of plaintiff's alleged disability, plaintiff has performed housework, driven, watched television, prepared meals, read books and taken walks. Further, as noted by the ALJ, plaintiff worked at a number of jobs during the period of alleged disability, and plaintiff usually left those jobs for reasons unrelated to disability. Tr. 27, 91, 147, 154, 176, 435-38.

For these reasons, I find that the ALJ did not arbitrarily discredit plaintiff's testimony. Rather, the ALJ provided clear

10 - OPINION AND ORDER

and convincing reasons for finding plaintiff's testimony not credible based on his lack of medical treatment, work history and daily activities. Accordingly, I find that the ALJ did not error in discounting plaintiff's testimony.

B.  RFC Assessment and Vocational Hypothetical

Plaintiff argues that the jobs identified are unsuitable because they are beyond his RFC, and that the ALJ erred in finding that plaintiff could perform light work.

An ALJ's depiction of a plaintiff's hypothetical disability must be accurate, detailed, and supported by the record. Tackett v. Apfel, 180 F.3d 1094, 1101 (9th Cir. 1999); Thomas, 278 F.3d at 956 (noting that the hypothetical must take into account all of plaintiff's functional limitations). Here, the ALJ relied on the medical reports by the examining and consulting physicians in determining that plaintiff was capable of performing light work jobs with some postural limitations. Tr. 27-28, 221-23, 226-34, 235-38, 239-45, 398-401. In particular, the ALJ relied on the report of Dr. Diehl, who concluded that plaintiff could lift twenty pounds and could stand and walk for an hour an a time for a total of five or six hours during an eight-hour workday. Tr. 221-23.

Plaintiff contends that Dr. Diehl did not determine that plaintiff was capable of doing light work, and that the ALJ was incorrect in understanding that he did. Dr. Diehl concluded that the plaintiff was limited in the following ways: (1) difficulty in

11 - OPINION AND ORDER

standing or walking for more than an hour at a time and for more than five or six hours in a eight hour day; (2) difficulty walking on uneven ground or climbing ladders or stairs on a frequent basis; and (3) difficulty with work activities that require bending, stooping, squatting, or twisting on a frequent basis. Tr. 223.

Plaintiff contends that the ALJ did not account for these limitations when the ALJ found that the plaintiff could stand, walk and sit up to six hours a day if allowed to alternate between sitting and standing. Plaintiff further argues that the ALJ's RFC assessment did not take into account the limitations on walking on uneven ground or twisting. Plaintiff contends that because these limitations were not present in the ALJ's hypothetical, the VE relied on an inaccurate hypothetical in suggesting that plaintiff could perform light work.

The ALJ gave "significant weight" to Dr. Diehl's opinion that plaintiff would have difficulty standing and walking for more than five or six hours a day. Tr. 28. The ALJ appropriately incorporated this limitation into the RFC hypothetical through the sit/stand option. Tr. 462. Further, the ALJ took into account plaintiff's other postural limitations of occasional climbing, stooping, crouching or bending on a frequent basis. Tr. 461. According to the record, none of the jobs the plaintiff was found to be able to perform require frequently climbing, bending, stooping, squatting, twisting or walking on uneven ground.

12 - OPINION AND ORDER

Therefore, I find that the RFC assessment and hypothetical accurately described plaintiff's limitations and were not erroneous.

## C.  Lay Witness Testimony

Finally, plaintiff argues that the ALJ improperly rejected the lay witness testimony of Sherin Heese, plaintiff's wife. Plaintiff maintains that the RFC did not take into account the limitations witnessed by Ms. Heese and thus overestimated plaintiff's abilities.

The ALJ must consider lay testimony regarding a plaintiff's symptoms, unless the ALJ "determines to disregard such testimony and gives reasons germane to each witness for doing so." Lewis v. Apfel, 236 F.3d 503, 511 (9th Cir. 2001). Here, the ALJ found Mrs. Heese's testimony credible, to the extent that she reported what she had seen, what was exhibited to her, and what she was told. Tr. 28.

However, the ALJ gave more weight to the medical opinions as more reliable evidence from medical professionals trained in evaluating impairments. Tr. 28. Additionally, Mrs. Heese's testimony was limited to what she saw and was told by plaintiff and plaintiff's testimony was found to be not credible by the ALJ. Thus, I find that the ALJ gave germane reasons for determining that Mrs. Heese's testimony carried less weight than the medical opinions in determining the extent of plaintiff disability.

13 - OPINION AND ORDER

## V.  Conclusion

The ALJ's finding that plaintiff is not disabled within the meaning of the Act is supported by substantial evidence in the record.  Accordingly, the decision of the Commissioner is AFFIRMED.  IT IS SO ORDERED.

Dated this __6__ day of December, 2007.


_____/s/ Ann Aiken_____
                           Ann Aiken
                  United States District Judge

14 - OPINION AND ORDER